IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  20-cv-01248-RM-NRN

NICHOLAS JASON HALL,

Plaintiff,

v.

STEVE REAMS, Sheriff, in official capacity;
DEPUTY VAN EATON, in his individual and official capacities;
SGT TODD, in his individual and official capacities,

Defendants.

---

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED PRISONER COMPLAINT (Dkt. #56)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #57) issued by Judge Raymond P. Moore referring on Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint (Dkt. #56) (the "Motion"). The Court has carefully considered the Motion, Plaintiff's Response to Motion to Dismiss Amended Complaint (Dkt. #69) (the "Response"), and Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Prisoner Complaint. (Dkt. #72.) The Court heard argument on the Motion on June 17, 2021. (*See* Dkt. #73.) The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law, and makes the following recommendation.

## BACKGROUND

Mr. Hall filed his Second Amended Prisoner Complaint on January 15, 2021.

(Dkt. #46.) Due to its brevity, "Claim One" of the Second Amended Prisoner Complaint is transcribed in its entirety below:

> On 9/18/18 I was the victim of excessive force when I was shot in my left leg, at close range, with a projectile from a military style shotgun by deputy Van Eaton. I was in a secure area and posed no threat to myself, staff, or other inmates. The extreme level of force that was used against me was used because of my unwillingness to change into a smaller pair of pants. This was confirmed by deputy Van Eaton in his response to my grievance which I have submitted to the court. This violates my eighth amendment to be free of excessive force and constitutes cruel and unusual punishment. The force that was used was not applied in a good faith effort to maintain or restore discipline but instead was used to maliciously and sadisticaly [sic] cause harm. As a result I have sustained permanent nerve and tissue damage. The unnecessary and wanton infliction of pain was ordered by [Sergeant] Todd. This was made possible by policies approved of an enacted by Sheriff Steve Reams. At the time I was shot I had my hands in the air and my back was to the officers, I was being submissive in every way possible. This can be confirmed by body cam and surveillance cameras. Staff had available to them pepper spray and tazers [sic] which were never utilized.

(Dkt. #46 at 4.) Defendants (and the Court) broadly construe Mr. Hall's allegations to allege claims under 42 U.S.C. § 1983 for violation of the Eighth Amendment, supervisory liability, and municipal liability. Mr. Hall seeks a declaration that Defendants violated his constitutional rights, injunctive relief requiring Defendants to stop the practice of using non-lethal projectiles on prisoners, and compensatory and punitive damages.

Defendants seek dismissal of all of Mr. Hall's claims. They argue that he has failed to state a claim for municipal liability against Sheriff Reams and failed to adequately allege that Deputy Van Eaton or Sergeant Todd violated his Eighth Amendment rights. Defendant also argues that Defendants Deputy Van Reams and Sergeant Todd are entitled to qualified immunity. Finally, Defendants argue that Mr. Hall has failed to state a claim for injunctive relief or punitive damages.

**LEGAL STANDARDS**

### I. Pro Se Plaintiff

Mr. Hall is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### II. Failure to State a Claim Upon Which Relief Can be Granted

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. Therefore, so long as the plaintiff pleads sufficient factual allegations such that the right to relief crosses "the line from conceivable to plausible," he has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

### III. Qualified Immunity

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). To determine resolve a government official's qualified immunity claims, a court must "The plaintiff must "decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232 . A reviewing court has discretion to address either prong first. *Id.* at 236.

Raising a qualified immunity defense in a motion to dismiss "subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Sayed v. Virginia*, 744 F. App'x 542, 545-46 (10th Cir. 2018) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)). "At the motion to dismiss stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *Id.* at 546 (quoting *Thomas v. Kaven*, 765 F.3d 1183,

1194 (10th Cir. 2014)). Accordingly, to survive a motion to dismiss, a plaintiff "need 'only allege enough factual matter' to state a claim that is 'plausible on its face and provide fair notice to a defendant.'" *Id.* (quoting *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013)).

## ANALYSIS

### I. Official Capacity Claims

#### a. Official Capacity Claims Against Deputy Van Eaton and Sergeant Todd

As a threshold matter, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, 819 F. Supp. 2d 1179, 1185 (D. Colo. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)), *aff'd sub nom. Ebonie S. v. Pueblo Sch. Dist. 60*, 695 F.3d 1051 (10th Cir. 2012). Mr. Hall sues all Defendants—Sheriff Reams, Deputy Van Eaton, and Sergeant Todd—in their official capacities. Here, Sheriff Reams is the proper party for Mr. Hall's official capacity claims. The claims against Deputy Van Eaton and Sergeant Todd in their official capacities are superfluous and, in the interest of judicial economy should be dismissed. *See id.* (holding that dismissal of official capacity claims against individual defendants was "warranted as a matter of judicial economy and efficiency").

#### b. Official Capacity/Municipal Liability Claim Against Sheriff Reams

Mr. Hall's surviving official capacity claim against Sherriff Reams (which is, in effect, a claim against the Weld County Sheriff's Office) should be dismissed without prejudice because it fails to state a claim. Local governing bodies can be sued directly under § 1983 only where "the action that is alleged to be unconstitutional implements or

5

executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). To state a claim for municipal liability under § 1983 for the actions of a municipal employee, a plaintiff must allege sufficient facts demonstrating "(1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). A plaintiff must further show that "the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citation omitted). Thus, to state a claim under § 1983 for deliberate indifference based on a policy or practice, plaintiff must allege "(1) official policy or custom, (2) causation, and (3) state of mind." *Schneider*, 717 F.3d at 769.

> An official policy or custom can take one of several forms:
>
> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

Mr. Hall's sole allegation to support a municipal liability claim is that the use of force in his case "was made possible by policies approved of and enacted by Sheriff Steve Reams." (Dkt. 46 at 4.) This single, conclusory allegation is insufficient to plausibly demonstrate the existence of an official policy or custom in any form. *See, e.g.*, *Erickson v. City of Lakewood, Colo.,* 489 F. Supp. 3d 1192, 1206 (D. Colo. 2020) (dismissing municipal liability claim where plaintiff failed to sufficiently allege an official policy or practice).

In his Response, Mr. Hall alleges that he was "not the first inmate to be shot" and that "[s]everal inmates have suffered extensive injuries because of the utilization of this practice," including an individual who "sufferred [*sic*] so much damage to his leg that his leg had to be amputated from the knee down." (Dkt. #69 at 2–3.) Though Courts can infer the existence of an official policy or custom where a "systematic pattern" suggests a "policy in some form was the motivating force," *Erickson*, 489 F. Supp. 3d at 1206 (citations omitted), the Court is limited to assessing the legal sufficiency of the allegations contained within the Second Amended Prisoner Complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted). Thus, the Court does not consider whether Mr. Hall's allegations, asserted for the first time in the Response, plausibly demonstrate a systematic pattern evidencing the existence of a policy.

Because Mr. Hall has not sufficiently alleged the existence of an official policy or custom in the operative complaint, the municipal liability claim should be dismissed without prejudice. Although, now having been notified of the deficiencies in this claim,

Mr. Hall may well seek leave to amend to add additional details and circumstances that are presently lacking from the operative complaint.

## II. Individual Capacity Claims against Deputy Van Eaton and Sergeant Todd

### a. Deputy Van Eaton

Defendants argue that Mr. Hall fails to state a viable excessive force claim against Deputy Van Eaton. They also argue that Deputy Van Eaton is entitled to qualified immunity. At this stage of the litigation, the Court disagrees.

#### 1. Failure to State a Claim

First, the Court considers whether Mr. Hall has plausibly pled a violation of Eighth Amendment. "The use of excessive force by jail officials violates a prisoner's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause when the prisoner is subjected to an 'unnecessary and wanton infliction of pain.'" *Miller v. Glanz*, 948 F.2d 1562, 1566 (10th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Whitley*, 475 U.S. at 312 (constitutional inquiry is directed at whether the prisoner was subjected to an "unnecessary and wanton infliction of pain"). The Court's Eighth Amendment analysis must take into consideration the highly-charged prison environment. *See Sampley v. Ruettgers*, 704 F.2d 491, 496 (10th Cir. 1983) (recognizing that in maintaining control of inmates, a prison guard often is called upon to "make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself").

An excessive force claim involves a two-pronged analysis: "(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show

8

that the officials act[ed] with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation marks and citation omitted).

The objective prong "is contextual and responsive to contemporary standards of decency." *Whitington v. Sokol*, No. 06-cv-01245-PAB-CBS, 2009 WL 2588762, at *8 (D. Colo. Aug. 18, 2009) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). Although not every malevolent touch by a prison official rises to the level of a constitutional violation, *Hudson*, 503 U.S. at 9 (citation omitted), a plaintiff is not required to sustain either serious or significant injuries to satisfy the objective component of an Eighth Amendment excessive force claim. *See id*; *see also Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992) (holding that significant physical injury is not required for an Eighth Amendment excessive force claim because the constitutional inquiry is on whether the infliction of pain was unnecessary and wanton). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Nevertheless, "[t]he extent of injury may also provide some indication of the amount of force applied. *Id.* at 37 (internal citations omitted). The Court has no doubt that the injuries alleged by Mr. Hall—nerve and tissue damage—are serious and significant enough to satisfy the objective component.

The subjective prong of the excessive force analysis asks whether the defendant had a sufficiently culpable mind. This element focuses "on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm*." Webb v. Sterling Corr. Officer Delaney*, No. 14-cv-1461-

RBJ-CBS, 2016 WL 931218, at *3 (D. Colo. Mar. 11, 2016) (citing *Smith*, 339 F.3d at 1212). "Whether pain is wantonly and unnecessarily inflicted depends, at least in part, on whether force could have plausibly been thought to be necessary to maintain order in the institution and to maintain the safety of the prison personnel or inmates." *Whitington*, 2009 WL 2588762, at *8 (quoting *Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir. 1993)); *see also Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1152 (10th Cir. 2006) (noting that the court "can infer malicious, sadistic intent from . . . conduct itself where 'there can be no legitimate purpose' for the officers' conduct"). In deciding whether the use of force was necessary or malicious, a court must consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Stevenson v. Cordova*, No. 14-cv-00649-CBS, 2016 WL 5791243, at *17 (D. Colo. Oct. 4, 2016), *aff'd*, 733 F. App'x 939 (10th Cir. 2018) (citation omitted).

Mr. Hall alleges that Deputy Van Eaton violated his Eighth Amendment rights by shooting him in the leg, at close range, with a non-lethal projectile for refusing to change his pants. (Dkt. #46 at 4.) He claims that he had his hands in the air and with his back to the officers, and that he was being "submissive in every way possible." (*Id.*) At this stage of the litigation, Mr. Hall has plausibly alleged that Deputy Van Eaton violated his Eighth Amendment constitutional rights. Accepting Mr. Hall's allegations as true, this was not a situation, such as a prison riot or a belligerent inmate, where the use of force was possibly necessary to restore order. Instead, Mr. Hall was shot with in the leg with a non-lethal projectile because he refused to change into a smaller pair of pants, all while

he alleges that he had his hands raised, his back turned towards Deputy Van Eaton, and was being submissive. Under these circumstances, a jury could find that the use of a non-lethal projectile at close range was excessive. *See, e.g.*, *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) ("Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct . . . the conduct itself constitutes sufficient evidence that force was used "maliciously and sadistically for the very purpose of causing harm.""); *Merritt v. Hawk,* 153 F. Supp. 2d 1216, 1223 (D. Colo. 2001) (rejecting defendants' argument that plaintiff "failed to allege defendants manifested a malicious or sadistic state of mind during" alleged excessive force incidents, and that plaintiff's allegations of unnecessary force were "sufficient to allow a reasonable jury to infer defendants were acting with malicious and sadistic intent") This is particularly true where, as Mr. Hall alleges, prison staff had less harmful means available to them, such as tasers and pepper spray, to "temper the severity of a forceful response." *Green v. Denning*, 465 F. App'x 804, 807 (10th Cir. 2012).

Defendants argue that the Step 1 Grievance Response, included as part of the Second Amended Prisoner Complaint (*see* Dkt. #46 at 7–8) (the "Grievance Response"), provides important factual details demonstrating that Deputy Van Eaton's use of force was constitutional. Namely, Defendants suggest that the Grievance Response provides the reason that Mr. Hall was asked to change his clothes, and demonstrates "various forms of noncompliance" from Mr. Hall, as well as his "history of assaultive behavior," rendering Mr. Hall's complaint contradictory, unreliable, and insufficient to state a claim under Rule 12(b)(6). (*See* Dkt. 56 at 11.)

The Court disagrees. Though the Grievance Response is included as part of the Second Amended Prisoner Complaint and can appropriately be considered,[1] the Court does not treat the factual assertions *from Deputy Van Eaton* contained in the Grievance Response as true. Instead, the Court must draw all inferences in the light most favorable to Mr. Hall. Under this lens, the Grievance Response supports Mr. Hall's allegation that he exhausted all administrative remedies. (*See* Dkt. 46 at 5.) Further, it suggests that Mr. Hall actually complained of being shot in the left leg, has severe and permanent nerve, muscle, and tissue damage, cannot feel two of his toes and limps when he walks, and was "defenseless and non-threatening and not warned that force was going to be used." (Dkt. #46 at 7-8.) Indeed, according to the Second Amended Prisoner Complaint, Mr. Hall attached the Grievance Response as evidence that Deputy Van Eaton confirms Mr. Hall was shot for refusing to change into smaller pants. (Dkt. #46 at 4.) In the Grievance Response, Deputy Van Eaton never disputes that he used at least some force to secure Mr. Hall's compliance with his order to change pants, which lends credence to Mr. Hall's factual allegations. Ultimately, Deputy Van Eaton's written response to Mr. Hall's grievance, including his justification for the use of force, cannot be accepted as true to defeat the factual allegations in the Second Amended Prisoner Complaint. The Court does not decide fact issues at the motion to dismiss stage; such arguments are best left for summary judgment or trial.

---

[1] "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[i]f a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss.")

At this point in the proceedings, Mr. Hall's plausible claim for violation of the Eighth Amendment should proceed against Deputy Van Eaton.

### 2. Qualified Immunity

The Court next determines whether Deputy Van Eaton is entitled to qualified immunity. As discussed above, Mr. Hall has sufficiently alleged a violation of his constitutional rights, so the first prong of the qualified immunity analysis—whether plaintiff has sufficiently alleged a constitutional violation—is satisfied. *See Pearson*, 555 U.S. at 232.

The second prong requires the Court to determine whether the right allegedly violated was clearly established at the time of the alleged unlawful activity. *Id.* "A right is clearly established in this circuit 'when a Supreme Court or Tenth Circuit decision is on point, of if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains.'" *Kaven*, 765 F.3d at 1194 (citation omitted). A right is also clearly established if "a general constitutional rule already identified in the decisional law [applies] with obvious clarity to the specific conduct" at issue. *United States v. Lanier*, 520 U.S. 259 (1997). The inquiry should not be "a scavenger hunt for prior cases with precisely the same facts" but instead "whether the law put officials on fair notice that the described conduct was unconstitutional." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004) (citing *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). Thus, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Kaven*, 765 F.3d at 1194.

It is important to bear in mind that this defense is being evaluated in relation to a

13

Rule 12(b)(6) motion, so Deputy Van Eaton is subject "to a more challenging standard of review than would apply on summary judgment." *Id.* (quoting *Peterson*, 371 F.3d at 1201); *see also Sayed*, 744 F. App'x at 545–46 (citation omitted). As a result, it is Deputy Van Eaton's conduct "as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'" *Kaven*, 765 F.3d at 1194 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). Thus, when addressing the issue of qualified immunity at the motion to dismiss, rather than summary judgment stage, Mr. Hall need only allege a constitutional violation that is plausible on its face. *Sayed*, 744 F. App'x at 545–46; *Torres v. White*, No. 08CV196JHPFHM, 2009 WL 37617, at *2 (N.D. Okla. Jan. 6, 2009).[2]

Mr. Hall's right to be free from excessive force under the Eighth Amendment's prohibition against cruel and unusual punishment was clearly established at the time of Deputy Van Eaton's conduct. Indeed, "[i]t has long been established that convicted prisoners subjected to malicious and sadistic attacks are entitled to at least the protection of the Eighth Amendment." *Holmes v. Dailey*, No. 97-2418-JWL, 1998 WL 709621, at *4 (D. Kan. Aug. 14, 1998); *see also* Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation* § 3.17, at 287 (1997) ("A prisoner who shows that prison officials used force maliciously and sadistically" has "established that the officials violated clearly

---

[2] It is not uncommon for courts to defer ruling on qualified immunity until the summary judgment stage. *See, e.g.*, *Harvey v. Gonzalez*, No. 14-cv-02174-RBJ-NYW, 2015 WL 13730685, at *7 (D. Colo. Nov. 24, 2015), *report and recommendation adopted*, No. 14-cv-002174-RBJ-NYW, 2015 WL 9462057 (D. Colo. Dec. 28, 2015) (reasoning that ruling "on Defendant's assertion of qualified immunity . . . is an inquiry better suited for summary judgment once a factual record is developed."); *Torres*, 2009 WL 37617 at *3 (same); *cf. Maxey by Maxey v. Fulton*, 890 F.2d 279, 281 (10th Cir. 1989) (district court's order denying Rule 12(b)(6) motion to dismiss "did not conclusively and finally deny [defendant]'s entitlement to qualified immunity, but merely deferred that issue pending development of a sufficient factual record").

14

established law."). Thus, Deputy Van Eaton is not entitled to qualified immunity at this time.

### b. Sergeant Todd

Sergeant Todd also alleges that Mr. Hall has failed to allege a violation of the Eighth Amendment, and that he is entitled to qualified immunity. Again, the Court disagrees.

### 1. Failure to State a Claim

Mr. Hall's claim against Sergeant Todd appears to be based on a theory of supervisory liability for his role in ordering Deputy Van Eaton's use of force. "[A] plaintiff must satisfy three elements to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind." *Estate of Strong v. City of Northglenn, Colo.*, 2018 WL 1640251, at *5 (D. Colo. Apr. 5, 2018) (quoting *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014)). The causation element "requires the plaintiff to show that the defendant's alleged action(s) caused the constitutional violation by setting in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Id.* Thus, a supervisory liability claim requires "an affirmative link between the supervisor and the constitutional violation, meaning more than a supervisor's mere knowledge of his subordinate's conduct." *Id.* "A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996) (citations omitted).

Defendants argue that Mr. Hall's Second Amended Prisoner Complaint is deficient because it does not allege to whom Sergeant Todd gave the order for Deputy Van Eaton to shoot the projectile at Mr. Hall. They also seem to suggest that the lack of "explanation for the circumstances of Sergeant Todd's alleged order" means that Sergeant Todd does not have fair notice as to the claims against him. (Dkt. #56 at 8.) Such arguments are disingenuous. There is no question that Mr. Hall complains of excessive force used against him on September 18, 2018, while he was held in the Weld County Jail, and that Sergeant Todd is allegedly the one who ordered the excessive force. Accordingly, Sergeant Todd has adequate notice of Mr. Hall's plausible allegations against him.

Mr. Hall alleges that "the unnecessary and wanton infliction of pain"—i.e. Deputy Van Eaton shooting a non-lethal projectile from close-range at his leg—"*was ordered by* [Sergeant] *Todd.*" (Dkt. 46 at 4 (emphasis added).) Accepting these allegations as true and drawing all inferences in his favor, Mr. Hall has plausibly alleged that Sergeant Todd was present on September 18, 2018 when Mr. Hall refused to change into smaller pants, and ordered Deputy Van Eaton to shoot Mr. Hall in the leg with a non-lethal projectile out of a shotgun. Sergeant Todd's order thus "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights." *Schneider*, 717 F.3d at 768 (citations and internal quotations omitted). Mr. Hall need not, as Defendant argues, explain the underlying circumstances that led to the use of force. As stated previously, questions concerning whether the use of force was necessary and justified are appropriately resolved at the summary judgment stage or at trial. At this stage, we accept as true Mr.

Hall's allegations plausibly demonstrating that the use of force was neither necessary nor justified.

Further, Mr. Hall has sufficiently alleged facts creating an inference that Sergeant Todd had a culpable state of mind. "Precisely what state of mind is required for individual liability [of a supervisor] depends on the type of claim a plaintiff brings." *Schneider*, 717 F.3d at 769. Mr. Hall asserts a § 1983 claim for violation of the Eighth Amendment based on an official's use of excessive physical force. Thus, the applicable state of mind is whether the official applied force "maliciously and sadistically for the very purpose of causing harm" or used force "with a willingness that [harm] occur." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal citations and quotations omitted, brackets in original).

As previously discussed with respect to Deputy Van Eaton, Mr. Hall has plausibly alleged conduct that a jury could find was malicious and sadistic instead of necessary for maintenance or restoration of order, and Sergeant Todd allegedly gave the order authorizing such conduct. Thus, though brief, Mr. Hall's allegations in the Second Amended Prisoner Complaint are sufficient to state a claim for supervisory liability against Sergeant Todd. *See Rustgi v. Reams*, No. 20-cv-0945-WJM-STV, 2021 WL 1698142, at *8 (D. Colo. Apr. 29, 2021) (finding that plaintiff had adequately plead supervisory liability where plaintiff claimed that subordinates acted in accordance with directions of supervisor on scene).

### 2. Qualified Immunity

As with Deputy Van Eaton, the Court finds that Mr. Hall has stated a claim against Sergeant Todd for violation of his clearly established Eighth Amendment rights.

17

Therefore, Sgt. Todd is not entitled to qualified immunity.

### III. Claim for Injunctive Relief

Typically, injunctive relief is not available after an inmate has been transferred out of the institution where the injury took place. *See Mitchell v. Estrada,* 225 F. App'x 737, 741 (10th Cir. 2007) ("An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement."); *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) ("Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief."). Here, it appears that this incident in question took place while Mr. Hall was a parolee being held at Weld County Jail. He has since been sentenced and is now in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility. (*See* Dkt. 46 at 2.) Accordingly, Mr. Hall's claim for injunctive relief should be dismissed as moot.

### IV. Claim for Punitive Damages

Punitive damages "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

Defendants argue that Mr. Hall has not alleged facts sufficient to support a claim for punitive damages. The Court disagrees. As discussed above, based on Mr. Hall's allegations, a jury could infer that the use of a non-lethal projectile at close range, on a prisoner who posed no threat, for the purpose of forcing the prisoner to change pants,

was unconstitutionally excessive. Further, given that no discovery has been conducted, it would be premature for the Court to rule as a matter of law that Deputy Van Eaton and Sergeant Todd's allegedly excessive use of force was (or was not) motivated by some evil or malicious intent. This is an issue better suited for a summary judgment motion.

## RECOMMENDATION

**WHEREFORE,** for the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint be **GRANTED IN PART and DENIED IN PART** as follows:

- **GRANTED** without prejudice as to Mr. Hall's official capacity claims against all Defendants;
- **DENIED** as to Mr. Hall's individual capacity claims against Deputy Van Eaton and Sergeant Todd;
- **GRANTED** without prejudice as to Mr. Hall's request for injunctive relief; and
- **DENIED** as to Mr. Hall's request for punitive damages.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo.rado Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

                                                  BY THE COURT

Date:  August 19, 2021
       Denver, Colorado                  N. Reid Neureiter
                                                  United States Magistrate Judge